Walter B. Congdon, Marjorie C. Dudley and Robert Congdon, as Trustees under the Last Will and Testament of Chester A. Congdon, Deceased v. Commissioner.
Congdon v. Commissioner
Docket No. 2743.
United States Tax Court
1944 Tax Ct. Memo LEXIS 222; 3 T.C.M. (CCH) 516; T.C.M. (RIA) 44188; June 1, 1944
*222 M. P. Wormhoudt, Esq., 701 Union Tr. Bldg., Washington, D.C., and Dean P. Kimball, Esq., for the petitioners. Lloyd W. Creason, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: Of a deficiency of $820.97 in 1936 income tax, the taxpayer assails so much as results from the Commissioner's determination that a distribution to the taxpayer by the Weed Iron Company of certificates of the Great Northern Iron Ore Properties was taxable to taxpayer as a dividend. The taxpayer contends that since the value of the certificates when distributed consisted largely of appreciation while owned by the Weed Company, such distribution did not constitute (except to an dndisputed extent of $15,584.96) a distribution of earnings and profits and was therefore not a dividend. The facts are all stipulated, and this is the only question at issue. Both parties agree that the question is precisely the same as the last question in , affirming , relating to a similar distribution by the Imperial Investment Co. of shares of Twin Coach Co., which was decided adversely *223 to the Commissioner. Following that decision, we hold that the Commissioner was in error in his determination that the taxpayer in 1936 received a dividend from Weed Iron Company in excess of $7,792.48. The alternative contention of respondent that "fifteen thousand [the amount of the earnings and profits available for distribution as dividends in 1937] of the eighty-four thousand [the adjusted basis of the Great Northern certificates to Weed Company] is the proportion of the fair market value received by the stockholder, which should be taxed" is also disposed of (if we understand the proposition) by the holding in the Timken case. See also (on appeal C.C.A. 2). Decision will be entered under Rule 50.